# IN THE COURT OF APPEALS OF IOWA

No. 21-1821
Filed January 11, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**COURTNEY LAMAR WRIGHT JR.,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.


Courtney Wright appeals the sentence imposed on his conviction of second-degree sexual abuse. **AFFIRMED.**


John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., Chicchelly, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

Courtney Wright appeals the sentence imposed on his conviction, following a guilty plea,[1] of second-degree sexual abuse, a class "B" felony. *See* Iowa Code § 709.3(2). He argues the district court abused its discretion by imposing a term of confinement rather than probation. More specifically, he submits the court impermissibly "considered only the crime itself," and "there is . . . simply no indication that the court considered any of the mitigating factors, aside from the court's self-serving statement that it had."

When a defendant's sentence is within statutory limits, we review the district court's decision for an abuse of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (quoting *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015)). We will reverse the sentence only if the court abused its discretion or considered improper sentencing factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (ellipsis in

---

[1] The State agrees Wright has "good cause" to appeal because he is challenging the sentence imposed instead of his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

original) (quoting *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995)). Our job is not to "second guess" the sentencing court's decision. *Formaro*, 638 N.W.2d at 724. Instead, we assess whether the court reached its decision on clearly untenable grounds. *Id.*

In his written guilty plea, Wright admitted he engaged in a sex act with a person under the age of twelve some time in calendar year 2020. *See* Iowa Code §§ 709.1(3), .3(1)(b).[2] The written plea also noted the parties agreed Wright was seventeen years of age when he committed the offense. The court accepted the plea and ordered the preparation of a presentence investigation report. The ensuing report concluded "[p]rison could be warranted due to the serious nature of this offense" but, "based on the defendant's age at the time of the offense, his mental health issues, and the fact that he qualifies for community based [sex-offender-treatment] programming, we recommend he receive a suspended sentence and term of probation."

At the sentencing hearing, the defense "encourage[d] the court to grant probation in this case and go all in and grant a deferred judgment." In support of its position, the defense highlighted Courtney's age at the time of the crime, the time he already served in jail, his acceptance of responsibility, and the conditions he would be under if granted probation.

---

[2] Section 709.3(1)(b) has since been amended to replace the criminalizing circumstance that the other person is "under the age of twelve" with the circumstance that other person is "a child." 2022 Iowa Acts ch. 37, § 3 (effective July 1, 2021). "[A] 'child' is any person under the age of fourteen years." Iowa Code § 702.5.

The State agreed Wright's age at the time of the crime was certainly a mitigating factor and, as such, declined to recommend the imposition of a mandatory minimum term of imprisonment.[3]  But, "due to the serious nature of the defendant's conduct," the State requested the imposition of a term of imprisonment.  The State explained:

> I understand that the defendant is still young.  I do not make this recommendation lightly, but I'll note that this victim of this sex abuse was five years old.  He was in a position of power over her, a position of trust.  That power and trust is especially important when we're dealing with people this young, children this young.
>     He abused that power and trust for his own gratification.  In doing so, he victimized a very young girl in a way that certainly has the possibility of causing great harm to her for the rest of her life.

Thereafter, the court characterized Wright's conduct as "outrageous" and stated, "[b]ecause of that conduct" it would order a term of imprisonment not to exceed twenty-five years and deny Wright's request for probation.  The court went on to note its overall consideration of Wright's age, lack of a criminal history, employment and family circumstances, need for treatment, and "most importantly . . . the nature of the offense" in reaching its decision.

On appeal, Wright essentially argues the court only considered the circumstances of the crime and merely gave lip service to the remaining factors.  While Wright acknowledges the court noted its consideration of the relevant factors

---

[3] Normally, for adult offenders, a person convicted of second-degree sexual abuse would be required to serve seventy percent of the maximum term of the sentence before being eligible for parole or work release.  *See* Iowa Code § 902.12(1)(c).  But "the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole." *State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014).

in deciding whether to grant his request for a deferred judgment or suspended sentence, *see* Iowa Code § 907.5(1), he complains the court failed to specifically explain "in what way it actually considered any of them."

But the only mitigating factors Wright points us to are his age at the time of the crime, his acceptance of responsibility for his actions, and the recommendation contained in the presentence investigation report. And Wright's suggestion that a sentencing court abuses its discretion by failing to specifically explain "in what way it actually considered any of" the mitigating factors he highlights is contrary to well-established caselaw. *See, e.g.*, *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 648 (Iowa 2019) ("Even a 'terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court.'" (ellipsis in original) (citation omitted)); *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (noting the sentencing court is not "required to specifically acknowledge each claim of mitigation urged by the defendant").

Furthermore, the record shows the court did not merely give lip service to the factors Wright complains it did not genuinely consider. The court specifically noted its consideration of the contents of the presentence investigation report, which would include its recommendation. Furthermore, both the defense and State expressed their agreement that Wright's age and acceptance of responsibility for his actions were mitigating factors. The court specifically noted its consideration of the parties' sentencing recommendations and the rationale supporting them. All in all, the court acknowledged these factors, and we find no abuse of discretion. *See State v. Phelps*, No. 20-1403, 2021 WL 2690495, at *2 (Iowa Ct. App. June 30, 2021) (rejecting claims that "the court 'failed to seriously

consider any factors other than the nature of the offense in reaching its sentence'" and the court's "superficial[] refer[ence] to the other statutory factors, without more, is little better than oral boilerplate and cannot serve as a basis for finding the court gave serious consideration to the minimal essential factors" because the court acknowledged other factors and "that terse treatment does not signal an abuse of discretion" even when "the court did not discuss these factors at any great length").

That brings us to Wright's overall insinuation that the court reached its decision solely on the basis of the circumstances of the crime, with no consideration for any other factors. *See State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1987) ("[N]o single factor, including the nature of the offense, will be solely determinative."). We have already concluded the court considered the factors Wright complains it didn't. While "it is clear the court placed greater importance on one sentencing consideration over others, it [is] also apparent the 'nature of the offense alone' was not the single factor determinative of the court's discretionary sentence." *State v. Latcham*, No. 10-1262, 2011 WL 1138569, at *3 (Iowa Ct. App. Mar. 30, 2011) (internal citation omitted).

Because we find the court did not abuse its discretion as alleged, we affirm the sentence imposed.

**AFFIRMED.**